UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-24020-MC-O'SULLIVAN

IN THE MATTER OF THE EXTRADITION
OF
JONATHAN OCTAVIO NUNEZ

_____/

## ORDER

THIS MATTER came before the Court on the extraditee's Motion for Release on Bond Pending Extradition Hearing (DE# 16, 11/18/10). Having reviewed the applicable filings and the law and having held a bond hearing on November 23, 2010, it is

ORDERED AND ADJUDGED that the extraditee's Motion for Release on Bond Pending Extradition Hearing (DE# 16, 11/18/10) is **DENIED** for the reasons stated herein.

## INTRODUCTION

The government commenced the instant extradition proceedings against Jonathan Octavio Nunez (hereinafter "extraditee") on November 5, 2010. On November 16, 2010, the extraditee filed the instant Motion for Release on Bond Pending Extradition Hearing (DE# 16, 11/18/10). The government filed its response on November 19, 2010. See United States' Opposition to Extraditee's Motion for Release on Bond Pending Extradition Hearing (DE# 19, 11/22/10). On November 23, 2010, the Court held a bond hearing. The extraditee presented the testimony of Special Agent Ual Bradley, a family friend.

**FACTS**

The extraditee was born on January 21, 1982 in Miami, Florida. The extraditee joined the United States Navy in 1999 and was discharged in 2003 after testing positive for drugs. In 2003, the extraditee was charged with driving under the influence of alcohol or drugs in San Diego, California. The extraditee was placed on a term of five years probation. On November 12, 2008, the extraditee's probation was revoked due to the extraditee's failure to comply with the conditions of his probation.

The instant proceedings stem from the extraditee's alleged shipment into Japan of approximately 30,000 of MDMA (ecstacy) tablets, 20,000 mixed MDMA/methamphetamine tablets and 136 grams of crystalline methamphetamine. The drug shipment was divided into two parcels. The extraditee recruited two former U.S. Navy crew members to receive the parcels. The former crew members worked as civilian employees at the U.S. Naval Base in Yokosuka, Japan. The parcels were to arrive at the naval base.

The packages arrived in Japan on July 29, 2004 and were seized by Japanese Customs. On the same day, the extraditee telephoned the former crew members who advised him that they had not received the packages. On August 2, 2004 and August 3, 2004, the extraditee called one of the former crew members who again advised him that the packages had not been received. On August 3, 2004, the extraditee booked a round-trip flight to Minnesota. The extraditee's flight departed from Japan on August 6, 2004. The extraditee was due to return to Japan on September 6, 2004. The extraditee did not return to Japan.

In 2005, the extraditee moved to South Florida and has remained in South

Florida since that time. The extraditee is the owner of The Goods Miami, Inc. a cellular telephone repair business and is reportedly earning approximately $300 a week from this business. At the time of his arrest in the instant proceedings, the extraditee was found in possession of Xanax and ecstacy pills.[1] The extraditee reported foreign travel to Peru, Mexico, Jamaica, Singapore, Hong Kong, Phillippines, Thailand, Chile, Japan and Diego Garcia Island. This travel took place while the extraditee was in the Navy and after he was discharged.

## ANALYSIS

At the November 23, 2010 hearing, the extraditee acknowledged that he as the burden of proof on the instant motion. There is a presumption against the issuance of a bond in extradition cases. Martin v. Warden, Atlanta Pen, 993 F. 2d 824, 827 (11th Cir. 1993). As such, in order to be released on bond in an extradition case, the extraditee must prove the existence of special circumstances. Id. Before the extraditee can prove the existence of special circumstances he must show that he is not a risk of flight or a danger to the community. United States v. Williams, 611 F. 2d 914, 915 (1st Cir. 1979).

The Court finds that the extraditee is a risk of flight. The extraditee left Japan after learning that the shipment of drugs had not arrived. Although he purchased a return ticket, the extraditee did not return to Japan. The extraditee has no substantial assets in the United States and has extensive experience traveling to numerous countries. The extraditee was previously on probation and his probation was revoked due to the extraditee's failure to comply with the terms of the probation. Accordingly, the

---

[1] The extraditee argued that the Xanax and ecstacy pills were for personal use because he had been involved in a car accident prior to his arrest.

3

Court finds that the extraditee is a risk of flight. Because the Court finds that the extraditee is a risk of flight, the Court does not need to address the existence of special circumstances.

## **CONCLUSION**

The Court finds that no condition or combination of conditions will reasonably assure the appearance of the extraditee as required in these proceedings. Based upon the above facts, the Court concludes that the extraditee presents a risk of flight and Orders him detained pending the outcome of these proceedings.

DONE AND ORDERED, in Chambers, at Miami, Florida this **23rd** day of November, 2010.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record