UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-24020-MC-O'SULLIVAN

IN THE MATTER OF THE EXTRADITION
OF
JONATHAN OCTAVIO NUNEZ

_____/

## EXTRADITION CERTIFICATION & ORDER OF COMMITMENT

These extradition proceedings were commenced by the United States pursuant to 18 U.S.C. § 3184 and the Extradition Treaty between the United States and Japan, signed on March 3, 1978, and entered into force on March 26, 1980 (hereinafter the "Treaty").

On November 5, 2010, this Court issued a complaint for the provisional arrest of Jonathan Octavio Nunez ("Nunez") with a view towards extradition at the request of the United States, acting on behalf of the Government of Japan. (DE # 1.) The complaint indicates that the Government of Japan issued a warrant for Nunez's arrest for his involvement in the illicit importation of narcotics into Japan for profit-making, in violations of Item 1, Paragraph 1 and Paragraph 2 of Article 65 of the Narcotics and Psychotropics Control Law; and of Paragraphs 1 and 2 of Article 41 of the Stimulants Control Law. Id.

On November 15, 2010, Nunez was arrested pursuant to an arrest warrant issued by this Court in conjunction with the issuance of the extradition complaint. (DE # 17.) Nunez has been held without bond, pending the resolution of these extradition

proceedings. (DE # 23 at 4.)

## FACTUAL FINDINGS

There is probable cause to believe that Nunez shipped into Japan approximately 30,000 MDMA (ecstacy) tablets, 20,000 mixed MDMA/methamphetamine tablets and 136 grams of methamphetamine and recruited two former U.S. Navy crew members, William Jenkins (hereinafter "Jenkins") and Babe Cole (hereinafter "Cole") to receive the drug parcels. (DE # 1 at 2; DE # 18 at 98, 163.) The two drug packages, one addressed to Cole, and the other addressed to Jenkins, arrived in Japan on July 29, 2004 and were seized by Japanese Customs. (DE # 18 at 41, 68.) Tokyo Regional Immigration Bureau's entry/exit records show that Nunez left Japan on July 12, 2004 and returned to Japan on July 29, 2004. Id. at 215. Nunez telephoned Cole and Jenkins on July 29, 2004 inquiring about the arrival of the drug packages and they advised him that they had not received the drug packages. Id. at 100, 116, 122, 157. Nunez told Jenkins to let him know when he receives the drug package. Id. at 157. Nunez called Cole again on August 2, 2004 and on August 3, 2004 following up on the drug package and Cole advised Nunez that the drug package was not received. Id. at 100, 116. On August 3, 2004, Nunez booked a round-trip flight to the United States. Id. at 73. Cole and Jenkins were arrested on August 5, 2004 in connection with the intercepted drug packages. Id. at 49, 152. Nunez's flight departed from Japan on August 6, 2004. Id. at 73, 215. Nunez was due to return to Japan on September 6, 2004 but did not return as scheduled. Id. at 40, 73; (DE # 28 at 1157).

**FINDINGS**

On March 22, 2011, this Court conducted an extradition hearing pursuant to 18 U.S.C. § 3184. International extradition proceedings are governed by 18 U.S.C. § 3181 et seq. and by treaty. In applying an extradition treaty, the Court is to construe it liberally in favor of the requesting nation. See Factor v. Laubenheimer, 290 U.S. 276, 293-94 (1933). In considering the evidence presented by the Government of Japan, as contained in the extradition documents submitted in support of the extradition request, the evidence offered by Nunez, the Extradition Treaty between the United States and Japan and the applicable law, the Court finds that the terms of the Treaty and 18 U.S.C. § 3184 have been satisfied with respect to Nunez's extradition to Japan.

In an extradition matter, the court does not determine the guilt or innocence of the accused, but rather determines whether the following elements have been satisfied in order to support extradition: (1) the judicial officer is authorized to conduct the extradition proceeding; (2) the court has jurisdiction over the fugitive; (3) the applicable treaty is in full force and effect; (4) the crime(s) for which surrender is requested is/are covered by the applicable treaty; and (5) there is sufficient evidence to support a finding of probable cause as to each charge for which extradition is sought. See Fernandez v. Phillips, 268 U.S. 311, 312 (1925); Hoxha v. Levi, 465 F. 3d 554, 560 (3d Cir. 2006).

I.   **Authority of the Court Over the Proceedings**

The parties agree, and this Court finds that it has subject-matter jurisdiction over these proceedings. See 18 U.S.C. § 3184. Section 3184 provides that:

> Whenever there is a treaty or convention for extradition between the United States and any foreign government, or in cases arising under section 3181(b), any justice or judge of the United States, or **any magistrate judge** authorized so to do by a court of the United States . . . may, upon complaint made under oath, charging any person found within his jurisdiction, with having committed within the jurisdiction of any such foreign government any of the crimes provided for by such treaty or convention, or provided for under section 3181(b), issue his warrant for the apprehension of the person so charged, that he may be brought before such justice, judge, or **magistrate judge**, to the end that the evidence of criminality may be heard and considered. . . . If, on such hearing, he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention, or under section 3181(b), he shall certify the same, together with a copy of all the testimony taken before him, to the Secretary of State, that a warrant may issue upon the requisition of the proper authorities of such foreign government, for the surrender of such person, according to the stipulations of the treaty or convention . . . .

Id. (emphasis added). Magistrate judges of this Court are authorized by local rule to "[c]onduct extradition proceedings, in accordance with Title 18, United States Code, Section 3184." S.D. Fla. Local Magistrate Rule 1(a)(3).

## II.     Jurisdiction Over the Fugitive

The parties agree, and the Court finds that it has jurisdiction over the fugitive. Section 3184, United States Code, Title 18, gives the Court jurisdiction over a fugitive found within the Court's jurisdiction who has committed crimes in a foreign nation that are covered by an extradition treaty set forth in section 3181. The extradition treaty between the United States and Japan is included in section 3181. The Court finds support in the record, that Nunez, the person who appeared before the Court, is the person against whom the instant charges are pending. (DE # 18 at 39, 125, 145, 168-171, 180.) The information in the documents provided by the government match Nunez's identifying information.

4

### III. Treaty in Full Force & Effect

The parties agree, and the Court finds support in the record, that there is an extradition treaty in full force and effect between the United States and Japan, for all purposes of the extradition proceeding. See 18 U.S.C. § 3184.

### IV. Crime Covered by the Treaty

The parties agree, and the Court finds support in the record, that the charges for which extradition is sought are crimes pursuant to both Japanese and United States law and covered by the Treaty.

Article I of the Treaty provides for the return to Japan persons found in the United States who are sought by Japan for prosecution, trial or to execute punishment for any offense specified in Article II of the Treaty. (DE # 18 at 9.) Article II of the Treaty provides for extradition for offenses listed in an annexed schedule which includes offenses relating to the control of dangerous drugs or chemicals as well as attempt, conspiracy, assistance, solicitation, preparation for, or participation in the commission of any of the included offenses. (DE # 18 at 9-10, 22-26.) Nunez has been charged for his involvement in the illicit importation of narcotics into Japan for profit making in violations of Item 1, Paragraph 1 and Paragraph 2 of Article 65 of the Narcotics and Psychotropics Control Law; and of Paragraphs 1 and 2 of Article 41 of the Stimulants Control Law. (DE # 1.) These offenses would be subject to prosecution in the United States under 21 U.S.C. §§ 841, 846, 952 and 963.

### V. Probable Cause that the Fugitive Committed the Offenses

The issue left for the Court to determine is whether there is probable cause to

5

believe that Nunez committed the offenses charged. The evidence of probable cause is contained in the Extradition Request by Japan.

The Court's responsibility in determining probable cause, as to each charged offense in an extradition proceeding, is to determine whether, under the applicable extradition treaty, there is enough evidence to sustain the charges alleged in the complaint. See Matter of Extradition of Lahoria, 932 F. Supp. 802, 805 (N.D. Tex. 1996). To certify an extradition warrant, the magistrate judge need only find probable cause that the evidence is sufficient to sustain a charge. See Polo v. Horgan, 828 F. Supp. 961, 965 (S.D. Fla. 1993). In an extradition hearing, the magistrate judge is not required to find that the evidence is sufficient to convict the individual whose extradition is sought, but only whether there is "probable cause" or "reasonable grounds" to believe the individual is guilty of the crime charged. See Fernandez v. Phillips, 268 U.S. 311, 312 (1925); see also Shapiro v. Ferrandina, 478 F. 2d 894, 904-05, 913-14 (2d Cir. 1973).  A magistrate judge applies the same standard of probable cause in international extradition hearings as used in preliminary hearings, in federal criminal proceedings. See Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1433 (S.D. Fla. 1993).  The evidence is sufficient and probable cause is established if a person of ordinary prudence and caution can conscientiously entertain a reasonable belief in the probable guilt of the accused. Gerstein v. Pugh, 420 U.S. 103, 111 (1975).

The Court finds that there is probable cause to believe that Nunez is guilty of the crimes charged. Specifically, the Court finds that the testimony of Cole and Jenkins and the surrounding circumstances as set out in the Factual Findings section of this Order constitute sufficient evidence for a person of ordinary prudence and caution to

reasonably believe that on July 28, 2004, Nunez shipped two packages, one addressed to Cole containing 29,859 MDMA tablets and the other addressed to Jenkins containing 137 MDMA tablets, 20,076 mixed MDMA/methamphetamine tablets and 136.73 grams of methamphetamine. At the extradition hearing, Nunez argued that probable cause was lacking due to the existence of potential credibility issues with respect to Cole and Jenkins.  However, the question before the Court is whether the evidence presented is sufficient to sustain the charges alleged, not whether there are any grounds to disbelieve the evidence. Therefore, the credibility arguments raised with respect to Cole and Jenkins do not adequately challenge the probable cause established.

## **CONCLUSION**

Based on the foregoing, this matter is certified to the Secretary of State in order that a warrant may issue, upon the requisition of the proper authorities of Japan, for the surrender of Jonathan Octavio Nunez on the charges relating to the illicit importation of narcotics into Japan for profit-making, in violations of Item 1, Paragraph 1 and Paragraph 2 of Article 65 of the Narcotics and Psychotropics Control Law; and of Paragraphs 1 and 2 of Article 41 of the Stimulants Control Law, according to the provisions of the Treaty between the United States and Japan.

It is hereby

ORDERED AND ADJUDGED that Jonathan Octavio Nunez be committed to the custody of the United States Marshal, or his authorized representative, to be confined in appropriate facilities and to remain there until he is surrendered to Japan pursuant to applicable provisions of the Treaty and law; and it is further

ORDERED AND ADJUDGED that the United States Attorney for this judicial

district shall forward a copy of this Certification and Order, together with a copy of all transcripts of proceedings and copies of documents received into evidence in this matter to the Secretary of State.

DONE AND ORDERED in Chambers, at Miami, Florida, this **28th** day of March, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record
U.S. Marshals (2 certified)